CLARK v DAIMLERCHRYSLER CORPORATION

Docket No. 252765. Submitted July 7, 2005, at Detroit. Decided September 13, 2005, at 9:00 a.m. Leave to appeal sought.

   Robert W. Clark brought an action in the Macomb Circuit Court against DaimlerChrysler Corporation, alleging that the defendant discharged him from employment on the basis of his age in violation of the Civil Rights Act, MCL 37.2101 *et seq.* The court, Edward A. Servitto, Jr., J., granted the defendant summary disposition after determining that the plaintiff's claim was time-barred by a provision in the plaintiff's employment application requiring that any action relating to the plaintiff's employment be brought within six months. The plaintiff appealed.

   The Court of Appeals *held*:

   1. The trial court did not err by applying the shortened six-month period of limitations found in the plaintiff's employment contract. Under *Rory v Continental Ins Co*, 473 Mich 457 (2005), a contractually modified period of limitations is not analyzed for reasonableness, but is to be enforced as written unless it is contrary to law or public policy, or is otherwise unenforceable under a recognized contract defense. No statute explicitly prohibits the contractual modification of limitations periods in the employment context. Nor does the modification violate public policy.

   2. *Rory* precludes considering whether a contract is one of adhesion when determining whether a modified limitations period is unconscionable. The limitations provision is not unconscionable because neither procedural nor substantive unconscionability is present. Procedural unconscionability exists when the weaker party had no realistic alternative to accepting the contract term. Despite unequal bargaining power, however, the plaintiff has not shown that he had no realistic alternative to employment with the defendant. Substantive unconscionability exists when the challenged provision is not substantively reasonable, such that the inequity of the contract term is so extreme as to shock the conscience. The six-month period of limitations, however, is neither inherently unreasonably nor so extreme that it shocks the conscience.

3. While the plaintiff contended that he did not knowingly waive the three-year period of limitations applicable to civil rights claims, one who signs an agreement is presumed, in the absence of coercion, mistake, or fraud, to know the nature of the document and to understand its contents, even if he or she has not read the agreement.

Affirmed.

NEFF, J., dissenting, would hold that the provision for the shortened period of limitations is unconscionable and violates public policy and is, therefore, unenforceable under the circumstances of this case. With regard to procedural unconscionability, the plaintiff and the defendant were not dealing at arm's length when negotiating the contract. The provision was in the defendant's preprinted application form, which the plaintiff filled out five months before he was hired. The plaintiff clearly had no realistic alternative to the contractually shortened limitations period, which was not a bargained-for term. An applicant would be aware that objecting to the provision at the time of application might thwart a job offer, and it is unlikely that an applicant would recall the provision or recognize its significance when hired much later. Unlike subsequent employment applications used by the defendant, this application did not indicate that the applicant agreed to forgo important legal rights. Thus, there was an absence of meaningful choice, and the provision took advantage of or surprised the plaintiff. The provision was also substantively unreasonable given the three-year period of limitations applicable by statute. The shortened limitations period places the plaintiff at a severe disadvantage and permits the defendant to wholly avoid employee claims. Finally, the manner in which the defendant imposed the shortened limitations period offends public policy. In cases such as a civil rights action, six months may be insufficient to pursue a claim related to a job loss at a time when the employee's primary concern is maintaining a livelihood. The shortened period is extreme and unnecessary to protect employers from stale claims.

1. CONTRACTS — EMPLOYMENT CONTRACTS — CONTRACTUAL PERIODS OF LIMITATIONS.

An unambiguous provision in an employment contract providing for a period of limitations shorter than that provided by statute for a lawsuit relating to employment must be enforced as written unless it is contrary to law or public policy or is otherwise unenforceable under a recognized traditional contract defense, such as duress, waiver, estoppel, fraud, or unconscionability.

2. CONTRACTS — DEFENSES — UNCONSCIONABILITY.

> Both procedural and substantive unconscionability must be present for a contract or contract provision to be considered unconscionable and thus unenforceable; procedural unconscionability exists when the weaker party had no realistic alternative to accepting a provision; substantive unconscionability exists when a challenged provision is not substantively reasonable, such that the inequity of the provision is so extreme as to shock the conscience.

3. CONTRACTS — DEFENSES — KNOWLEDGE OF TERMS.

> One who signs an agreement is presumed, in the absence of coercion, mistake, or fraud, to know the nature of the document and to understand its contents, even if he or she has not read the agreement.

*Pitt, Dowty, McGehee, Mirer & Palmer, P.C.* (by *Michael L. Pitt* and *Beth M. Rivers*), for the plaintiff.

*Cattel, Tuyn & Rudzewicz, PLLC* (by *Thomas A. Cattel, Michelle J. LeBeau*, and *Debra A. Colby*), for the defendant.

Before: NEFF, P.J., and SMOLENSKI and TALBOT, JJ.

SMOLENSKI, J. In this wrongful termination case, plaintiff appeals as of right the trial court's order granting summary disposition for defendant. We affirm.

Plaintiff asserts that he was approached sometime in 2001 and asked to accept early retirement as part of a salaried work force reduction. When plaintiff declined to retire, he claims he was told that his position would likely be eliminated and that retirement was in his best interest. Plaintiff accepted early retirement and completed his last day of work on August 31, 2001.

Plaintiff filed this action on September 8, 2003, alleging that defendant had discharged him on the basis of age in violation of the Civil Rights Act, MCL 37.2101 *et seq.* Defendant moved for summary disposition pursuant to MCR 2.116(C)(7), arguing that plaintiff's claim

was time-barred by a provision in plaintiff's employment application. The relevant portion stated:

> I agree that any claim or lawsuit relating to my service with [defendant] or any of its subsidiaries must be filed no more than six (6) months after the date of the employment action that is the subject of the claim or lawsuit. I waive any statute of limitations to the contrary.

The trial court applied the shortened six-month period of limitations to plaintiff's claim and granted defendant's motion.

We review de novo a trial court's decision on a motion for summary disposition under MCR 2.116(C)(7). *DiPonio Constr Co, Inc v Rosati Masonry Co, Inc*, 246 Mich App 43, 46; 631 NW2d 59 (2001). The proper interpretation of a contract is a matter of law that this Court reviews de novo. *DaimlerChrysler Corp v G-Tech Professional Staffing, Inc*, 260 Mich App 183, 184-185; 678 NW2d 647 (2003).

Plaintiff contends that the trial court erred by applying the shortened six-month limitations provision of plaintiff's employment contract. We disagree.

Until recently, the general rule was to uphold contract terms limiting the time to bring suit, provided the limitation was reasonable. See *Herweyer v Clark Hwy Services, Inc*, 455 Mich 14, 20; 564 NW2d 857 (1997), citing *Camelot Excavating Co, Inc v St Paul Fire & Marine Ins Co*, 410 Mich 118, 127; 301 NW2d 275 (1981). However, in *Rory v Continental Ins Co*, 473 Mich 457, 470; 703 NW2d 23 (2005), our Supreme Court overruled the reasonableness rule followed by *Camelot* and its progeny. The Court held that

> an unambiguous contractual provision providing for a shortened period of limitations is to be enforced as written unless the provision would violate law or public policy. A mere judicial assessment of "reasonableness" is an invalid

basis upon which to refuse to enforce contractual provisions. Only recognized traditional contract defenses may be used to avoid the enforcement of the contract provision. [*Id.*]

The contractually modified period of limitations in question is not ambiguous; therefore, under *Rory*, we are compelled to enforce it as written unless it is contrary to law or public policy, or is otherwise unenforceable under recognized traditional contract defenses.[1]

Because there are no statutes explicitly prohibiting the contractual modification of limitations periods in the employment context, the contract provision is not contrary to law. *Id.* at 472. Furthermore, the Court in *Rory* clarified that public policy must be clearly rooted in the law. *Id.* at 471. Hence, this Court "must look to 'policies that, in fact, have been adopted by the public through our various legal processes, and are reflected in our state and federal constitutions, our statutes, and the common law.' " *Id.*, quoting *Terrien v Zwit*, 467 Mich 56, 66-67; 648 NW2d 602 (2002). Michigan has no general policy or statutory enactment prohibiting the contractual modification of the periods of limitations provided by statute. *Rory, supra* at 471. Likewise, even before *Rory*, provisions within an employment contract providing for a shortened period of limitations were held to be reasonable and, therefore, valid and enforceable. See *Timko v Oakwood Custom Coating, Inc*, 244 Mich App 234, 240-244; 625 NW2d 101 (2001). Consequently, we are unable to conclude that the limitations period provided in the contract violates public policy.[2]

---

[1] These include duress, waiver, estoppel, fraud, or unconscionability. *Rory, supra* at 470 n 23.

[2] While we have much sympathy for the dissent's argument that there ought to be limitations on an employer's ability to contractually modify

Plaintiff further contends that this Court should not enforce the contract's period of limitations because it constitutes an unconscionable contract of adhesion. We disagree.

We shall first address plaintiff's contention that the employment contract in question was one of adhesion requiring close scrutiny. In *Herweyer, supra* at 21, our Supreme Court noted that employers and employees often do not deal at arm's length when negotiating employment contracts; instead, the employee is often placed in the position of having to accept the terms of the employment contract or forgo the job. The *Herweyer* Court concluded, "Where one party has less bargaining power than another, the contract agreed upon might be, but is not necessarily, one of adhesion, and at least deserves close judicial scrutiny." *Id.* However, in *Rory, supra* at 489, the Court overruled the *Herweyer* rule that contracts of adhesion were subject to heightened review. The Court stated that

> it is of no legal relevance that a contract is or is not described as "adhesive." In either case, the contract is to be enforced according to its plain language. Regardless of whether a contract is adhesive, a court may not revise or void the unambiguous language of the agreement to achieve a result that it views as fairer or more reasonable. [*Id.*]

Therefore, we may not consider whether the contract was one of adhesion when determining whether the modified period of limitations was unconscionable.

In order for a contract or contract provision to be considered unconscionable, both procedural and substantive unconscionability must be present. *Northwest Acceptance Corp v Almont Gravel, Inc,* 162 Mich App

---

periods of limitations, especially in the civil rights context, we believe such limitations ought to be imposed by the Legislature, not the judiciary.

294, 302; 412 NW2d 719 (1987). Procedural unconscionability exists where the weaker party had no realistic alternative to acceptance of the term. *Allen v Michigan Bell Tel Co*, 18 Mich App 632, 637; 171 NW2d 689 (1969). If, under a fair appraisal of the circumstances, the weaker party was free to accept or reject the term, there was no procedural unconscionability. *Id.* Substantive unconscionability exists where the challenged term is not substantively reasonable. *Id.* at 637-638. However, a contract or contract provision is not invariably substantively unconscionable simply because it is foolish for one party and very advantageous to the other. *Gillam v Michigan Mortgage-Investment Corp*, 224 Mich 405, 409; 194 NW 981 (1923). Instead, a term is substantively unreasonable where the inequity of the term is so extreme as to shock the conscience. *Id.*

In the present case, plaintiff did not present any evidence that he had no realistic alternative to employment with defendant. Therefore, while plaintiff's bargaining power may have been unequal to that of defendant, we cannot say that plaintiff lacked any meaningful choice but to accept employment under the terms dictated by defendant. *Allen, supra* at 637-638. Furthermore, the six-month period of limitations is neither inherently unreasonable, *Timko, supra* at 243, nor so extreme that it shocks the conscience, *Gillam, supra* at 409. Consequently, plaintiff failed to establish that the contractually modified period of limitations was either substantively or procedurally unconscionable.

Finally, plaintiff contends that he did not knowingly waive the statutory three-year limitations period applicable to civil rights claims. This argument is unavailing. The law is clear that one who signs an agreement, in the absence of coercion, mistake, or fraud, is presumed to know the nature of the document and to understand its

contents, even if he or she has not read the agreement. See *Watts v Polaczyk*, 242 Mich App 600, 604; 619 NW2d 714 (2000).

Because plaintiff has not demonstrated that the disputed contract provision is contrary to law or public policy, and has failed to demonstrate that the contractually provided period of limitations was unconscionable, we are compelled to enforce that term as written. Therefore, the trial court did not err when it applied the contractually modified period of limitations to plaintiff's claim.

Affirmed.

TALBOT, J., concurred.

NEFF, P.J. *(dissenting)*. I respectfully dissent. I would hold that the contract provision is unconscionable and violates public policy and is, therefore, unenforceable under the circumstances of this case.

*RORY v CONTINENTAL INS CO*[1]

In *Rory*, decided after oral argument in this case, our Supreme Court revised Michigan law concerning contracts that shorten the legislated periods of limitations. Before *Rory*, contracts such as that at issue in this case were subject to heightened judicial scrutiny to determine the reasonableness of the shortened period of limitations. *Herweyer v Clark Hwy Services, Inc*, 455 Mich 14, 20-21; 564 NW2d 857 (1997). In accordance with the general rule applied in a majority of jurisdictions and adopted in Michigan,[2] "a shortened contrac-

---

[1] 473 Mich 457; 703 NW2d 23 (2005).

[2] "*See* Anno: *Validity of Contractual Time Period, Shorter than Statute of Limitations, for Bringing Action*, 6 ALR3d 1197 (1966)." *Tom Thomas*

tual period of limitations was 'valid *if reasonable* even though the period is less than that prescribed by otherwise applicable statutes of limitation.' " *Rory, supra* at 466, quoting *Tom Thomas Org, Inc v Reliance Ins Co*, 396 Mich 588, 592; 242 NW2d 396 (1976) (emphasis in *Rory*); see also *Camelot Excavating Co, Inc v St Paul Fire & Marine Ins Co*, 410 Mich 118, 126; 301 NW2d 275 (1981).[3]

In *Rory*, the Court rejected any judicial assessment of reasonableness, stating that "the decision in *Camelot* was premised upon the adoption of a 'reasonableness' test found in the dicta of *Tom Thomas*." *Rory, supra* at 468. The *Rory* Court held that "an unambiguous contractual provision providing for a shortened period of limitations is to be enforced as written unless the provision would violate law or public policy." *Id.* at 470. In rejecting any judicial assessment of reasonableness, the Court observed:

> A fundamental tenet of our jurisprudence is that unambiguous contracts are not open to judicial construction and must be *enforced as written*. Courts enforce contracts according to their unambiguous terms because doing so respects the freedom of individuals freely to arrange their affairs via contract. This Court has previously noted that " '[t]he general rule [of contracts] is that competent persons shall have the utmost liberty of contracting and that their agreements voluntarily and fairly made shall be held valid and enforced in the courts.' " [*Id.* at 468 (citations omitted).]

*Org, Inc v Reliance Ins Co*, 396 Mich 588, 592 n 3; 242 NW2d 396 (1976).

[3] In *Camelot*, the Court recognized "that a contractually shortened limitations period is reasonable if (1) the claimant has sufficient opportunity to investigate and file an action, (2) the time is not so short as to work a practical abrogation of the right of action, and (3) the action is not barred before the loss or damage can be ascertained." *Rory, supra* at 467 n 18, citing *Camelot, supra* at 127.

The Court further cited its own recent reasoning in
*Wilkie v Auto-Owners Ins Co*, 469 Mich 41, 52; 664
NW2d 776 (2003), quoting Corbin on Contracts:

> " 'One does not have "liberty of contract" unless orga-
> nized society both forbears and enforces, forbears to penal-
> ize him for making his bargain and enforces it for him after
> it is made. [15 Corbin, Contracts (Interim ed), ch 79,
> § 1376, p 17.]' " [*Rory, supra* at 469-470.]

The *Rory* Court concluded that "[o]nly recognized tra-
ditional contract defenses may be used to avoid the
enforcement of the contract provision." *Id.* at 470.
"Examples of traditional defenses include duress,
waiver, estoppel, fraud, or unconscionability." *Id.* at 470
n 23.

### UNCONSCIONABILITY

In this case, the applicable statute of limitations
permitted plaintiff's action to be brought within three
years. That defendant exacted a shortened limitations
period of six-months on the basis of a nondescript
provision included among several others in a preprinted
application for employment, which plaintiff filled out
five months before he was hired, is unconscionable.

The examination of a contract for unconscionability
considers both procedural and substantive unconscio-
nability. *Hubscher & Son, Inc v Storey*, 228 Mich App
478, 481; 578 NW2d 701 (1998). Our courts have
applied a two-pronged test for determining whether a
contract is unenforceable as unconscionable:

> "(1) What is the relative bargaining power of the parties,
> their relative economic strength, the alternative sources of
> supply, in a word, what are their options?; (2) Is the
> challenged term substantively reasonable?" [*Id.* (citations
> omitted).]

"Reasonableness is the primary consideration." *Id.*

Although this two-pronged test has been used to assess unconscionability, the general underpinnings of the defense must also be considered:

> The concept of unconscionability was meant to counter-act two generic forms of abuses: the first of which relates to procedural deficiencies in the contract formation process, such as deception or a refusal to bargain over contract terms, today often analyzed in terms of whether the imposed-upon party had meaningful choice about whether and how to enter into the transaction; and the second of which relates to the substantive contract terms themselves and whether those terms are unreasonably favorable to the more powerful party, such as terms that impair the integrity of the bargaining process or otherwise contravene the public interest or public policy; terms (usually of an adhesion or boilerplate nature) that attempt to alter in an impermissible manner fundamental duties otherwise imposed by the law, fine-print terms or provisions that seek to negate the reasonable expectations of the nondrafting party, or unreasonably and unexpectedly harsh terms having to do with price or other central aspects of the transaction.

> It has been said that this formulation requires a showing that the contract was both procedurally and substantively unconscionable when made. It has often been suggested that a finding of a procedural abuse, inherent in the formation process, must be coupled as well with a substantive abuse, such as an unfair or unreasonably harsh contractual term which benefits the drafting party at the other party's expense. Another way of viewing this problem is that the fact that a contract is one of adhesion does not itself render the contract unconscionable. The distinction between procedural and substantive abuses, however, may become quite blurred; overwhelming bargaining strength or use of fine print or incomprehensible legalese may reflect procedural unfairness in that it takes advantage of or surprises the victim of the clause, yet the terms contained in the resulting contract—whether in fine print or

legal "gobbledygook"—would hardly be of concern unless
they were substantively harmful to the nondrafting party
as well. [8 Williston, Contracts (4th ed), § 18:10, pp 57-65.]

" 'Unconscionability has generally been recognized to
include an absence of meaningful choice on the part of
one of the parties together with contract terms which
are unreasonably favorable to the other party.' " *Allen v
Michigan Bell Tel Co*, 18 Mich App 632, 637-638; 171
NW2d 689 (1969), quoting *Williams v Walker-Thomas
Furniture Co*, 121 US App DC 315, 319; 350 F2d 445; 18
ALR3d 1297 (1965).

Given these fundamental principles underlying the
defense of unconscionability, I disagree with the majori-
ty's analysis and disposition of plaintiff's unconsciona-
bility claim on the basis that plaintiff failed to "present
any evidence that he had no realistic alternative to
employment with defendant." *Ante* at 144. Such an
analysis fails to give proper consideration to whether
procedural unconscionability exists in the context of
this case. Unlike other contracts contexts, "[a]n em-
ployer and employee often do not deal at arm's length
when negotiating contract terms. An employee [in
plaintiff's position] has only two options: (1) sign the
employment contract as drafted by the employer or (2)
lose the job." *Herweyer, supra* at 21.

Defendant claims that plaintiff is contractually
bound by a provision for a shortened period of limita-
tions in defendant's employment application form that
plaintiff filled out when applying for a job, five months
before he was hired.[4] The preprinted form was similar
to other preprinted job application forms and required

---

[4] Because *Rory* eliminated the reasonableness test for determining the
validity of contract provisions shortening the statutorily prescribed
period of limitations, cases analyzed under that test, including numerous
cases cited by defendant, are no longer valid precedent.

plaintiff to provide his personal information, educational background, employment history, positions for which he was qualified, and expected rate/salary. On the second page, immediately above plaintiff's signature, the employment application contained the following provisions in a two-column format:

**READ CAREFULLY BEFORE SIGNING:**

1. I have read and do understand the statements contained herein and certify that they are true.

2. I understand that false or incomplete statements herein or in any resume I have supplied are grounds for dismissal.

3. I hereby authorize that previous employers contacted by Chrysler Corporation or any of its subsidiaries in connection with this application fully respond to all inquiries concerning such previous employment and specifically waive prior written notice of disclosure of my personnel record information, including disciplinary reports, letters of reprimand or other disciplinary action. I also authorize educational institutions to release information relative to claimed degrees and achievements. In consideration of the acceptance of my application, I release Chrysler Corporation or any of its subsidiaries previous employers, and educational institutions of any claimed liability arising out of such response and disclosure.

4. I understand that employment is conditioned upon the results of a physical examination by a physician selected by Chrysler Corporation or any of its subsidiaries conducted after an offer of employment is made or the results of a drug test conducted in accordance with Chrysler Corporation's policy.

5. In the event that I am employed by Chrysler Corporation or any of its subsidiaries, I agree to comply with all its orders, rules, and regulations and acknowledge that said orders, rules, and regulations do not constitute terms of employment contrary to paragraph 6.

6. I hereby acknowledge that this application is for an employment of indefinite duration, terminable at will, for any reason either by myself or by Chrysler, except as otherwise provided by the terms of a collective bargaining agreement, if any, applicable to me.

7. I understand that the terms of paragraph 6 cannot be altered except by written agreement executed by an Officer of Chrysler Corporation.

8. I agree that any claim or lawsuit relating to my service with Chrysler Corporation or any of its subsidiaries must be filed no more than six (6) months after the date of the employment action that is the subject of the claim or lawsuit. I waive any statute of limitations to the contrary. NOTE: A photocopy of this statement shall be as valid as the original.

Beneath the eight provisions, the application requested the applicant's signature and date. Just below the signature line, the application stated in smaller print:

(This application will be considered active for twelve (12) months from the date filed. If you are hired, it becomes part of your official employment record.)

Given the manner in which defendant obtained "agreement" to the terms stated in the employment application, plaintiff clearly had no realistic alternative to the contractually shortened limitations period. There was "an absence of meaningful choice," a hallmark of unconscionability. *Allen, supra* at 637-638. Further, the provision concerning a shortened limitations period also "takes advantage of or surprises the victim of the clause," underscoring the procedural unfairness in this case. 8 Williston, p 65.

While the principles of freedom of contract may support upholding a *bargained-for* term shortening the period of limitations, *Rory, supra* at 468-469, the non-

descript provision imposed in paragraph eight in defendant's employment application form cannot realistically be claimed to be a "bargained-for" term. First, it is unlikely that an applicant seeking a job from an employer would engage in bargaining these terms at the time of signing the application form. If the applicant is sufficiently aware of the implications of any particular term, such as the six-month limitations period, the applicant is surely also aware that objection to the provision will thwart any offer of a job from the prospective employer. Second, it is unlikely that at the time of hiring, in this case five months after plaintiff completed the application form, an applicant would recall the limitations provision or recognize its broad curtailment of legal rights, such that the applicant would then negotiate different terms.

The shortened limitations-period provision in this case cannot be sanctioned as a bargained-for term under the freedom of contract principles supporting the decision in *Rory*. If any doubt remains whether this Court should sanction the use of paragraph eight under the guise of a "bargained-for" term under *Rory*, one need only compare the provision to a different version used by defendant that at least attempts to minimize any unfair surprise and deception by informing an applicant that a statute of limitations may exist that provides for a period of limitations longer than six months. In a 2004 case involving a job application form apparently used by defendant after the one in this case, the provision imposing a shortened limitations period stated:

**"READ CAREFULLY BEFORE SIGNING:**

\* \* \*

"8. In consideration of Chrysler's review of my application, I agree that any claim or lawsuit arising out of my

employment with, or my application for employment with, Chrysler Corporation or any of its subsidiaries must be filed no more than six (6) months after the date of the employment action that is the subject of the claim or lawsuit. *While I understand that the statute of limitations for claims arising out of an employment action may be longer than six (6) months,* I agree to be bound by the six (6) month period of limitations set forth herein, and **I WAIVE ANY STATUTE OF LIMITATIONS TO THE CON-TRARY.** Should a court determine in some future lawsuit that this provision allows an unreasonably short period of time to commence a lawsuit, the court shall enforce this provision as far as possible and shall declare the lawsuit barred unless it was brought within the minimum reasonable time within which the suit should have been commenced." [*Krusinski v DaimlerChrysler Corp,* unpublished opinion per curiam of the Court of Appeals, issued February 19, 2004 (Docket No. 239873), slip op at 2 n 1 (emphasis added).]

Unlike the provision in *Krusinski,* the provision in this case does not indicate that an applicant/employee is agreeing to forgo important legal rights.

Defendant does not contend that it actually bargained for the shortened limitations period in hiring plaintiff. Defendant merely seeks to impose a contractual limitations period via the boilerplate provisions on the job application form. It certainly cannot be said that plaintiff had a meaningful choice about "whether and how to enter" into the agreement for a six-month limitations period. 8 Williston, p 57. The manner in which defendant acquired plaintiff's acquiescence to the shortened limitations period is procedurally unconscionable.

Defendant's imposition of a six-month limitations period for "any claim or lawsuit relating to plaintiff's service with" defendant is also substantively unreasonable. The Legislature has determined that the appro-

priate limitations period applicable in this action is three years. The shortened six-month period imposed by defendant places plaintiff at a severe disadvantage in seeking redress for wrongs and is unquestionably advantageous to defendant by permitting it to wholly avoid employee claims. The six-month limitations period does not further the purpose of promptly apprising a defendant of claims "in order that he may protect himself against fraudulent and unjust claims." 6 ALR3d at 1207. Defendant took advantage of plaintiff's situation "to drive him into an unfair bargain." *Gillam v Michigan Mortgage-Investment Corp,* 224 Mich 405, 410; 194 NW 981 (1923). These circumstances fall squarely within the defense of unconscionability.

### PUBLIC POLICY

I also find that the across-the-board imposition of a six-month limitations period on a preprinted employment application form violates public policy. Recent decisions of this Court have held that a shortened limitations period of six months does not offend the public policy of this state. In *Timko v Oakwood Custom Coating, Inc,* 244 Mich App 234, 241-242; 625 NW2d 101 (2001), the Court stated that it agreed with other courts that found no *inherent* unreasonableness accompanies a six-month period of limitation. But it is not necessarily the shortened limitations period that offends public policy in this case. Rather, it is the manner in which the provision is imposed by defendant that removes the shortened limitations period from the realm of logic in which it has been rightfully upheld.

The public policy supporting limitations periods is well established:

> There are several policy reasons underlying the adoption of statutes of limitation. They protect defendants'

rights by eliminating stale claims, shielding defendants from protracted fear of litigation, and ensuring that they have a fair chance of defending themselves. *Chase v Sabin*, 445 Mich 190, 199; 516 NW2d 60 (1994); *Bigelow v Walraven*, 392 Mich 566, 576; 221 NW2d 328 (1974). Statutes of limitation are also constructed to give plaintiffs a reasonable opportunity to bring suit. *Chase, supra.* [*Herweyer, supra* at 19.]

Imposing a six-month limitations period for any and all claims, as in this case, is contrary to the public policy underlying statutes of limitations. See *Rory, supra* at 470-471. The majority decision applies *Rory* to employment contracts absent any safeguards such as the review for reasonableness performed by the Commissioner of the Office of Financial and Insurance Services. See *id.* at 474-475.

In many cases, shortening the period of limitations to six months in an employment context imposes a hardship on a plaintiff, thwarting legitimate claims. In the case of a job loss, an employee's foremost concern is maintaining a livelihood—pursuing legal action is secondary, both in priority and time. While six months is conceivably sufficient to file certain actions, in many cases, such as this civil rights action, it is insufficient to properly seek legal counsel, investigate, and file a claim. On the other hand, shortening the limitations period to six months is extreme and unnecessary to protect employers from stale claims and to enable employers to defend against claims.

"Historically, courts have relied on the Legislature to establish limitation periods." *Herweyer, supra* at 23. By sanctioning defendant's unilateral provision for a six-month limitations period (presumably imposed on everyone who completes the job application form), the courts are permitting employers to effectively determine the limitations period and thereby supplant the

Legislature's determination. There is nothing in the courts' reasoning to prevent all employers in Michigan from now simply inserting the judicially approved six-month limitations period in preprinted employment application forms, effectively "legislating by imposition" a new severely shortened limitations period for employment-related claims. Such legislation by employer imposition overrides well-established contract principles that have evolved for the orderly conduct of business and is contrary to longstanding public policy. The six-month limitations period in this case should therefore be found unenforceable.