*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

JULIE FRENCH,

Plaintiff-Appellant,

v

MIDMICHIGAN MEDICAL CENTER-GLADWIN,

Defendant-Appellee.

UNPUBLISHED
March 23, 2023

No. 360239
Gladwin Circuit Court
LC No. 20-010548-CD

Before: K. F. KELLY, P.J., and BOONSTRA and REDFORD, JJ.

PER CURIAM.

Plaintiff, Julie French, appeals by right the trial court's order granting summary disposition in favor of defendant, MidMichigan Medical Center-Gladwin, on the issue of whether plaintiff's claims brought under the Elliot-Larsen Civil Rights Act ("ELCRA"), MCL 37.2101 *et seq.*, were time-barred under a limitations period set forth in plaintiff's job application. Finding no errors warranting reversal, we affirm.

## I. BASIC FACTS AND PROCEDURAL HISTORY

On December 16, 2012, plaintiff applied for a job as a registered nurse ("RN") with MidMichigan Physicians Group, a subsidiary of MidMichigan Health ("MMH"), which itself is the parent nonprofit corporation of defendant, as well as other medical centers in Michigan. Plaintiff had already worked for MMH since 2000 but quit her job in September 2012 to move out of state with her spouse. Plaintiff returned to Michigan three months later and applied with MMH to regain her position. As part of the application process, plaintiff signed a form entitled "Applicant's Certification and Agreement," in which plaintiff agreed, as relevant here, to the following provision:

3. **Limitation on Claims:** I agree that any lawsuit against MidMichigan Health and/or its agents arising out of my employment or termination of employment, including but not limited to claims arising under State or Federal civil rights statutes, must be brought within the following time limits or be forever barred: (a) for lawsuits requiring a Notice of Right to Sue from the EEOC, within 90 days after the EEOC issues that notice; or (b) for all other lawsuits, within (i) 180 days of the

-1-

event(s) giving rise to the claim or (ii) the time limit specified by statute, whichever is shorter. I waive any statute of limitations that exceeds this time limit.

In June 2014, plaintiff applied for and was granted a transfer to defendant's hospital to be closer to home. As part of the process, plaintiff completed an MMH "Transfer Request" form in which she affirmed that she was a current employee of MMH. Plaintiff was subsequently terminated from this position on January 7, 2019, after a series of incidents concerning plaintiff's role as a supervisor occurred in late 2018, none of which are relevant to the issues raised in this appeal.

Plaintiff filed her complaint on September 8, 2020, 20 months after she was terminated. The trial court ultimately granted summary disposition in defendant's favor, concluding that the 180-day limitations period in plaintiff's job application barred plaintiff's claims under the ELCRA. This appeal followed.

## II. STANDARD OF REVIEW

The trial court's decision to grant summary disposition in defendant's favor under MCR 2.116(C)(7) on the basis of statute of limitations is reviewed by this Court de novo. *Zarzyski v Nigrelli*, 337 Mich App 735, 740; 976 NW2d 916 (2021). In a motion brought under this subrule,

> this Court must consider not only the pleadings, but also any affidavits, depositions, admissions, or other documentary evidence filed or submitted by the parties. The contents of the complaint must be accepted as true unless contradicted by the documentary evidence. This Court must consider the documentary evidence in a light most favorable to the nonmoving party. If there is no factual dispute, whether a plaintiff's claim is barred under a principle set forth in MCR 2.116(C)(7) is a question of law for the court to decide. If a factual dispute exists, however, summary disposition is not appropriate. [*Id*. (quotation marks and citation omitted).]

This Court also reviews de novo the proper interpretation of a contract. *Clark v DaimlerChrysler Corp*, 268 Mich App 138, 141; 706 NW2d 471 (2005).

## III. ANALYSIS

On appeal, plaintiff contends the trial court erred when it granted summary disposition in defendant's favor because the limitations period did not apply to plaintiff because she was not an employee of MMH, but rather an employee of defendant. Plaintiff also argues that any attempt by an employer to shorten the limitations period under the ELCRA in an employment contract violates public policy as a matter of law. We find plaintiff's arguments unpersuasive and, therefore, affirm the trial court's order.

Under the ELCRA, a plaintiff has three years from the date of each adverse employment action to bring a claim. *Garg v Macomb Co Community Mental Health*, 472 Mich 263, 282; 696 NW2d 646 (2005); MCL 600.5805. However, "an unambiguous contractual provision providing for a shortened period of limitations is to be enforced as written unless the provision would violate law or public policy." *Rory v Continental Ins Co*, 473 Mich 457, 470; 703 NW2d 23 (2005). To

that end, "Michigan has no general policy or statutory enactment prohibiting the contractual modification of the periods of limitations provided by statute." *Clark*, 268 Mich App at 142. Thus, a contractual limitations period, if unambiguous, is to be enforced as written and will not be invalidated as against public policy. See *id.*; *Coates v Bastian Bros, Inc*, 276 Mich App 498, 503; 741 NW2d 539 (2007).

In *Rory*, the plaintiffs were insureds of the defendant-insurer who were injured in an automobile accident but had their claim denied because they filed it after the one-year contractual limitations period. *Rory*, 473 Mich at 461-462. The defendant moved for summary disposition on the basis of the limitations period, which the trial court denied and this Court affirmed. *Id.* at 462-463. The Michigan Supreme Court granted leave and reversed, concluding first that the "reasonableness doctrine" in Michigan no longer had validity:

> [A]n unambiguous contractual provision providing for a shortened period of limitations is to be enforced as written unless the provision would violate law or public policy. A mere judicial assessment of "reasonableness" is an invalid basis upon which to refuse to enforce contractual provisions. Only recognized traditional contract defenses may be used to avoid the enforcement of the contract provision. [*Id.* at 470.]

The Supreme Court also concluded that the defendant's one-year limitations period did not violate public policy because there were no general nor specific statutes or policy enactments that prevented a shorter contractual limitations period. *Id.* at 471-472.

Subsequently, in *Clark*, this Court concluded that contractual limitations periods in employment contracts were enforceable as well. *Clark*, 268 Mich App at 142-145. In that case, the plaintiff brought suit against his employer under the ELCRA for age discrimination. *Id.* at 140. The trial court granted the defendant's motion for summary disposition under MCR 2.116(C)(7), concluding the defendant's six-month limitations period was enforceable, and this Court affirmed. *Id.* at 141. This Court stated:

> Because there are no statutes explicitly prohibiting the contractual modification of limitations periods in the employment context, the contract provision is not contrary to law. Furthermore, the Court in *Rory* clarified that public policy must be clearly rooted in the law. Hence, this Court must look to policies that, in fact, have been adopted by the public through our various legal processes, and are reflected in our state and federal constitutions, our statutes, and the common law. Michigan has no general policy or statutory enactment prohibiting the contractual modification of the periods of limitations provided by statute. Likewise, even before *Rory*, provisions within an employment contract providing for a shortened period of limitations were held to be reasonable and, therefore, valid and enforceable. Consequently, we are unable to conclude that the limitations period provided in the contract violates public policy. [*Id.* at 142 (quotation marks and citations omitted).]

In this case, MMH had a provision in its job application that any lawsuit brought against it must be filed within 180 days:

3. **Limitation on Claims:** I agree that any lawsuit against MidMichigan Health and/or its agents arising out of my employment or termination of employment, including but not limited to claims arising under State or Federal civil rights statutes, must be brought within the following time limits or be forever barred: (a) for lawsuits requiring a Notice of Right to Sue from the EEOC, within 90 days after the EEOC issues that notice; or (b) for all other lawsuits, within (i) 180 days of the event(s) giving rise to the claim or (ii) the time limit specified by statute, whichever is shorter. I waive any statute of limitations that exceeds this time limit.

Plaintiff makes no argument that this provision is unambiguous. Accordingly, under *Rory* and *Clark*, defendant's limitations period is valid, enforceable, and does not violate public policy.

Plaintiff contends that *Rory* and *Clark* are distinguishable, however, because plaintiff was hired by MMH but terminated by defendant, both of which are distinct legal entities. Thus, plaintiff contends that when she was transferred to defendant's hospital in 2014, a new contractual agreement was entered into by the parties.

As an initial matter, plaintiff cites no authority for the proposition that when she transferred to defendant's hospital, a new contractual agreement was created. Plaintiff has, therefore, abandoned the argument. See *Movie Mania Metro, Inc v GZ DVD's Inc*, 306 Mich App 594, 605-606; 857 NW2d 677 (2014) ("An appellant may not merely announce his position and leave it to this Court to discover and rationalize the basis for his claims, nor may he give issues cursory treatment with little or no citation of supporting authority.") (quotation marks and citation omitted). But even if not abandoned, the argument lacks merit.

In *Dzurka v MidMichigan Medical Center-Midland*, unpublished per curiam opinion of the Court of Appeals, issued January 22, 2019 (Docket No. 343162), p 2, this Court examined the identical language in MMH's job application in the context of a plaintiff who was terminated from MidMichigan Medical Center-Midland. This Court rejected the plaintiff's argument that there was no mutuality of obligation or consideration when she signed the application and concluded that the contractual limitations period in MMH's application was enforceable against the plaintiff in the context of her lawsuit. *Id*. at 2-4. Although *Dzurka* is unpublished, we find the reasoning persuasive.

Plaintiff also argues that the Michigan Supreme Court's recent decision in *McMillon v Kalamazoo*, ___ Mich ___; 938 NW2d 79 (2023), dictates reversal in this case. In *McMillon*, the plaintiff applied for a job with the defendant-city but was not hired. *McMillon*, ___ Mich at ___. In the application, she agreed to file any claim against the defendant within nine months. *Id*. The plaintiff was later hired for a different position and, when the plaintiff eventually sued the defendant for race, age, and disability discrimination, the defendant sought summary disposition on the basis of the limitations period from the plaintiff's initial application. *Id*. The Michigan Supreme Court reversed the trial court's order granting summary disposition in the defendant's favor, concluding that "[w]hether plaintiff had notice that defendant intended to reuse her prior application materials or that plaintiff intended or agreed to be bound by the initial contractual application process remain genuine issues of material fact." *Id*.

*McMillon* is distinguishable from this case, however, because unlike the plaintiff in *McMillon*, plaintiff here was hired initially by MMH and subsequently transferred within MMH's network of hospitals in 2014 to defendant. Thus, the question of whether there was notice that defendant would use plaintiff's application materials is irrelevant because plaintiff was hired immediately, always remained an employee of MMH and was, therefore, always bound by the terms she agreed to in 2012. Moreover, contrary to plaintiff's arguments that she was unaware of the limitations provision and had no notice of it, "one who signs a contract will not be heard to say, when enforcement is sought, that he did not read it, or that he supposed it was different in its terms." *Wilkie v Auto-Owners Ins Co*, 469 Mich 41, 59; 664 NW2d 776 (2003) (quotation marks and citation omitted). Likewise, plaintiff's assertion that she was unaware she was still bound by her application agreement is belied by the fact that when she transferred to defendant's hospital, she did so through an MMH "Transfer Request" form in which plaintiff affirmed she was a current employee of MMH.

Undaunted, plaintiff asks the Court to conclude that a limitations provision in an employment contract that shortens the time to file a claim under the ELCRA violates public policy as a matter of law. However, this issue has already been decided against plaintiff's position and this Court is bound by the Michigan Supreme Court's decision in *Rory* and by our own decision in *Clark*. *DC Mex Holdings LLC v Affordable Land LLC*, 320 Mich App 528, 540; 907 NW2d 611 (2017) ("This Court is bound by stare decisis to follow the decisions of our Supreme Court") (quotation marks and citation omitted); MCR 7.215(C)(2) ("A published opinion of the Court of Appeals has precedential effect under the rule of stare decisis"). Those cases stand for the proposition that such limitations periods are valid and enforceable and do not violate public policy.

Lastly, plaintiff argues that the trial court erred when it granted summary disposition because discovery was ongoing and plaintiff would have uncovered further evidence supporting her claims. This argument is not persuasive for two reasons. First, plaintiff was the party to the litigation that sought a decision on the statute of limitations issue when she moved for summary disposition under MCR 2.116(C)(9) as to defendant's statute of limitations affirmative defense. She should not now be heard to complain that the trial court erred because it made a decision on her motion. And second, plaintiff does not identify what evidence in discovery she may uncover that would be relevant to her claim not being time-barred. See MCR 2.116(H)(2) ("A party may show by affidavit that the facts necessary to support the party's position cannot be presented because the facts are known only to persons whose affidavits the party cannot procure."). Nor can she, as the application she signed unambiguously provided for a shorter limitations period than what is afforded by statute. See *Shay v Aldrich*, 487 Mich 648, 667; 790 NW2d 629 (2010) (stating that under the parol-evidence rule, extrinsic evidence is not admissible to interpret an unambiguous contract).

Affirmed. Defendant, as the prevailing party, may tax costs. MCR 7.219(A).

/s/ Kirsten Frank Kelly
/s/ Mark T. Boonstra
/s/ James Robert Redford