*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

CHRYSTAL ROBINSON,

        Plaintiff-Appellant,

v

QUICKEN LOANS INC,

        Defendant-Appellee.

UNPUBLISHED
March 02, 2026
9:28 AM

No. 365769
Wayne Circuit Court
LC No. 21-008229-CD

## ON REMAND

Before: MALDONADO, P.J., and CAMERON and YOUNG, JJ.

PER CURIAM.

This case returns to us on remand from our Supreme Court for reconsideration in light of *Rayford v American House Roseville I, LLC*, ___ Mich ___; ___ NW3d ___ (July 31, 2025) (Docket No. 163989). *Robinson v Quicken Loans Inc*, ___ Mich ___ (2025) (Docket No. 168597) (*Robinson IV*). For the reasons set forth below, we reverse the trial court's grant of summary disposition in part and remand for further proceedings.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The factual background of this case was set forth in our prior opinion, *Robinson v Quicken Loans Inc*, unpublished per curiam opinion of the Court of Appeals, issued April 22, 2025 (Docket No. 365679) (*Robinson III*), pp 1-2:

> Plaintiff is a 33-year-old Black woman. After defendant terminated her employment, plaintiff filed suit in the United States District Court for the Eastern District of Michigan alleging race and sex discrimination, hostile work environment, and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 USC 2000e. She also alleged identical state-law claims, as well as a claim of age discrimination, under Michigan's Elliott Larsen Civil Rights Act (ELCRA), MCL 37.2101 *et seq*. The district court declined to exercise supplemental jurisdiction and dismissed the ELCRA claims without prejudice.

-1-

The district court granted defendant's motion for summary judgment and dismissed all of plaintiff's remaining claims on the basis that there were no genuine issues of material fact. FR Civ P 56(a). *Robinson v Quicken Loans LLC*, unpublished opinion of the United States District Court for the Eastern District of Michigan, issued March 23, 2021 (Case No. 19-cv-13129) (*Robinson I*). The United States Court of Appeals for the Sixth Circuit affirmed the district court's ruling. *Robinson v Quicken Loans LLC*, unpublished opinion of the United States Court of Appeals for the Sixth Circuit, issued September 14, 2022 (Case No. 21-1392) (*Robinson II*).

Plaintiff filed suit in state court alleging claims of race, sex, and age discrimination; retaliation; and hostile work environment, in violation of the ELCRA. Defendant moved for summary disposition under MCR 2.116(C)(7), arguing that plaintiff's claims were barred by the doctrine of collateral estoppel. It further argued that plaintiff's age-discrimination claim was barred by the one-year limitations period in her employment contract. According to plaintiff, the trial court took a brief recess at the hearing on defendant's motion to consider the applicability of *McMillon v Kalamazoo*, 511 Mich 855 (2023), as to whether plaintiff's age-discrimination claim was barred by the contractual one-year limitations period. The parties agree that the trial court then came back on the record and gave its ruling, but the transcript for this ruling has not been provided to this Court. Plaintiff contends that the trial court found *McMillon* inapplicable; defendant asserts it also ruled plaintiff's age-discrimination claim was barred by collateral estoppel.

On appeal, this Court affirmed the trial court. We held that plaintiff's race- and sex-discrimination, retaliation, and hostile work environment claims were barred by collateral estoppel because the district court made a final ruling on facts essential to plaintiff's state-law claims. *Id.* at 3-9. As for plaintiff's age-discrimination claim, we held that she was barred by the contractual limitations period in her employment contract. *Id.* at 9-11. Because plaintiff was barred by the limitations period, this Court declined to address whether plaintiff's age-discrimination claim was barred by collateral estoppel. *Id.* at 11 n 3. Plaintiff appealed. Our Supreme Court vacated Part IV of our opinion addressing plaintiff's age-discrimination claim and remanded the case for reconsideration of plaintiff's age-discrimination claim in light of *Rayford*, ___ Mich at ___. *Robinson IV*, ___ Mich at ___. It further ordered that this Court was permitted to consider whether plaintiff's age-discrimination claim was barred by collateral estoppel. *Id.*

## II. STANDARDS OF REVIEW

"The applicability of legal doctrines such as res judicata and collateral estoppel are questions of law to be reviewed de novo." *Allen Park Retirees Ass'n, Inc v Allen Park*, 329 Mich App 430, 443; 942 NW2d 618 (2019) (quotation marks and citation omitted). "A trial court's decision on a motion for summary disposition is also reviewed de novo." *Id.* "Summary disposition may be granted under MCR 2.116(C)(7) when a claim is barred by . . . collateral estoppel." *Allen Park Retirees Ass'n*, 329 Mich App at 443.

A motion brought under MCR 2.116(C)(7) "may be supported by affidavits, depositions, admissions, or other documentary evidence." The contents of the

complaint must be accepted as true unless contradicted by the documentary evidence, which must be viewed in a light most favorable to the nonmoving party. If there is no factual dispute, the determination whether a plaintiff's claim is barred under a principle set forth in MCR 2.116(C)(7) is a question of law. [*Id*. at 444 (citations omitted).]

Under MCR 2.116(C)(10), "a party may move for dismissal of a claim on the ground that there is no genuine issue with respect to any material fact and the moving party is entitled to judgment as a matter of law." *Dextrom v Wexford Co*, 287 Mich App 406, 415; 789 NW2d 211 (2010).[1] "The moving party must specifically identify the undisputed factual issues and support its position with documentary evidence." *Id*. The trial court "must examine the documentary evidence presented and, drawing all reasonable inferences in favor of the nonmoving party, determine whether a genuine issue of material fact exists." *Id*. at 415-416. "A question of fact exists when reasonable minds could differ as to the conclusions to be drawn from the evidence." *Id*. at 416. Finally, contractual interpretation is a question of law which we review de novo. *Wilkie v Auto-Owners Ins Co*, 469 Mich 41, 47; 664 NW2d 776 (2003).

## III. *RAYFORD*

In *Robinson III*, this Court held that plaintiff's age-discrimination claim was barred by the one-year limitations period in her employment contract. *Robinson III*, unpub op at 10-11. Relying on *Clark v DaimlerChrylser Corp*, 268 Mich App 138, 142; 706 NW2d 471 (2005), overruled by *Rayford*, ___ Mich at ___, we concluded that the shortened limitations period was permissible and served to bar plaintiff's age-discrimination claim. At the time this Court issued its decision, *Rayford* was pending before our Supreme Court. We held that *Rayford*'s pendency was irrelevant because "[t]he filing of an application for leave to appeal or a Supreme Court order granting leave to appeal does not diminish the precedential effect of a published opinion of the Court of Appeals." *Robinson III*, unpub op at 10, quoting MCR 7.215(C)(2). Because *Rayford* had not been decided, *Clark* remained binding. *Robinson III*, unpub op at 10.

Following this Court's decision in *Robinson III*, our Supreme Court decided *Rayford*. *Rayford* overruled *Clark* and disavowed its extension of *Rory v Continental Ins Co*, 473 Mich 457; 703 NW2d 23 (2005), to employment contracts. *Rayford*, ___ Mich at ___; slip op at 2, 18. It emphasized that it had "never ruled on the application of *Rory* outside of insurance contracts[,]" yet *Clark* impermissibly did so. *Id*. at 19. The Court explained that:

*Rory* involved a shortened limitations period in an insurance policy. Employment disputes are wholly different. As Judge NEFF highlighted in her dissent: Unlike other contracts contexts, an employer and employee often do not deal at arm's

---

[1] As this Court recognized in *Robinson III*, while defendant only moved for summary disposition under MCR 2.116(C)(7), courts are "not bound by a party's choice of labels." *Attorney General v Merck Sharp & Dohme Corp*, 292 Mich App 1, 9; 807 NW2d 343 (2011). The gravamen of defendant's limitations-period claim necessarily required the trial court to consider evidence submitted beyond the pleadings. Thus, this issue is more properly evaluated through the lens of a motion under MCR 2.116(C)(10).

length when negotiating contract terms. An employee in plaintiff's position has only two options: (1) sign the employment contract as drafted by the employer or (2) lose the job. The economic pressure exerted by employers on all but the most sought-after employees may be particularly acute, for the inequitable term stands between the employee and necessary employment, and few employees are in a position to refuse a job because of such a term. [*Id.* at 20 (quotation marks, brackets, and citations omitted).]

Rejecting the application of *Rory* in the employment context, the *Rayford* Court held that the reasonableness test in *Camelot Excavating Co, Inc v St. Paul Fire & Marine Ins Co*, 410 Mich 118, 127; 301 NW2d 275 (1981), overruled by *Rory*, 473 Mich at 457, was the appropriate test to determine whether a contractually shortened limitations period in an employment contract is enforceable. *Rayford*, ___ Mich at ___; slip op at 25. The *Camelot* test requires: "[1] that the claimant have sufficient opportunity to investigate and file an action, [2] that the time not be so short as to work a practical abrogation of the right of action, and [3] that the action not be barred before the loss or damage can be ascertained." *Id.* (quotation marks and citation omitted, brackets in *Rayford*). Moreover, *Rayford* held that "[a]dhesion contracts with provisions shortening the statute of limitations in the employment context are subject to heightened judicial scrutiny to determine whether the provisions are reasonable." *Id.* at ___; slip op at 28. In sum, "courts must now first determine whether a challenged employment agreement is adhesive and, if so, apply *Camelot* to determine whether a shortened limitations period is reasonable." *Id.* at ___; slip op at 30.

## IV. APPLICATION

An adhesion contract is a "standard-form contract prepared by one party, to be signed by another party in a weaker position, usu[ally] a consumer, who must essentially either accede (adhere) to the terms or not have a contract at all." *Id.* at ___; slip op at 34, quoting *Black's Law Dictionary* (12th ed). *Rayford* recognized that the unequal bargaining power between an employer and a potential employee can often result in the potential employee having to accept the employment contract terms or not get the job. *Rayford*, ___ Mich at ___; slip op at 34. The circumstances underlying this case do not suggest that plaintiff had the bargaining power limited to "the most sought-after employees[.]" *Id.* at ___; slip op at 20 (quotation marks and citation omitted). There is no indication plaintiff had the power to push back against the terms imposed by defendant. Accordingly, we conclude that the contract in this case qualifies as an adhesion contract subject to close judicial scrutiny. *Id.* at ___; slip op at 34.

As we noted in *Robinson III*, unpub op at 9, "[t]he record before us does not contain the transcript of the trial court's ultimate decision as to this issue[.]" Considering the trial court rendered its decision before *Rayford* was decided, it is unlikely that the trial court engaged in the requisite *Camelot* analysis regarding the enforceability of the shortened limitations period in plaintiff's employment contract. Furthermore, even if it had, we lack the record to review its findings. Thus, remand is necessary for the trial court to properly evaluate whether the shortened limitations period in this case is enforceable under *Rayford*.

As a final note, our Supreme Court permitted us to consider whether plaintiff's age-discrimination claim was nonetheless barred by collateral estoppel. But, as noted, we have no

record of the trial court's decision on this issue, if it rendered one at all. *Id*. We decline to reach beyond our authority as a reviewing court to address this issue when we cannot discern whether the trial court ever decided it in the first instance. Therefore, we instruct the trial court on remand to consider the enforceability of the limitations provision under *Rayford* as well as whether plaintiff's age-discrimination claim is barred by collateral estoppel.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Allie Greenleaf Maldonado
/s/ Thomas C. Cameron
/s/ Adrienne N. Young