*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

CHRYSTAL ROBINSON,

　　　　　　Plaintiff-Appellant,

v

QUICKEN LOANS INC,

　　　　　　Defendant-Appellee.

UNPUBLISHED
April 22, 2025
11:30 AM

No. 365769
Wayne Circuit Court
LC No. 21-008229-CD

Before: MALDONADO, P.J., and CAMERON and YOUNG, JJ.

PER CURIAM.

Plaintiff appeals as of right the trial court's order granting summary disposition to defendant under MCR 2.116(C)(7) (collateral estoppel). We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff is a 33-year-old Black woman. After defendant terminated her employment, plaintiff filed suit in the United States District Court for the Eastern District of Michigan alleging race and sex discrimination, hostile work environment, and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 USC 2000e. She also alleged identical state-law claims, as well as a claim of age discrimination, under Michigan's Elliott Larsen Civil Rights Act (ELCRA), MCL 37.2101 *et seq*. The district court declined to exercise supplemental jurisdiction and dismissed the ELCRA claims without prejudice.

The district court granted defendant's motion for summary judgment and dismissed all of plaintiff's remaining claims on the basis that there were no genuine issues of material fact. FR Civ P 56(a). *Robinson v Quicken Loans LLC*, unpublished opinion of the United States District Court for the Eastern District of Michigan, issued March 23, 2021 (Case No. 19-cv-13129) (*Robinson I*). The United States Court of Appeals for the Sixth Circuit affirmed the district court's ruling. *Robinson v Quicken Loans LLC*, unpublished opinion of the United States Court of Appeals for the Sixth Circuit, issued September 14, 2022 (Case No. 21-1392) (*Robinson II*).

Plaintiff filed suit in state court alleging claims of race, sex, and age discrimination; retaliation; and hostile work environment, in violation of the ELCRA. Defendant moved for

summary disposition under MCR 2.116(C)(7), arguing that plaintiff's claims were barred by the doctrine of collateral estoppel. It further argued that plaintiff's age-discrimination claim was barred by the one-year limitations period in her employment contract. According to plaintiff, the trial court took a brief recess at the hearing on defendant's motion to consider the applicability of *McMillon v Kalamazoo*, 511 Mich 855 (2023), as to whether plaintiff's age-discrimination claim was barred by the contractual one-year limitations period. The parties agree that the trial court then came back on the record and gave its ruling, but the transcript for this ruling has not been provided to this Court.[1] Plaintiff contends that the trial court found *McMillon* inapplicable; defendant asserts it also ruled plaintiff's age-discrimination claim was barred by collateral estoppel. Plaintiff now appeals.

## II. STANDARDS OF REVIEW

"The applicability of legal doctrines such as res judicata and collateral estoppel are questions of law to be reviewed de novo." *Allen Park Retirees Ass'n, Inc v Allen Park*, 329 Mich App 430, 443; 942 NW2d 618 (2019) (quotation marks and citation omitted). "A trial court's decision on a motion for summary disposition is also reviewed de novo." *Id*. "Summary disposition may be granted under MCR 2.116(C)(7) when a claim is barred by . . . collateral estoppel." *Allen Park Retirees Ass'n*, 329 Mich App at 443.

> A motion brought under MCR 2.116(C)(7) "may be supported by affidavits, depositions, admissions, or other documentary evidence." The contents of the complaint must be accepted as true unless contradicted by the documentary evidence, which must be viewed in a light most favorable to the nonmoving party. If there is no factual dispute, the determination whether a plaintiff's claim is barred under a principle set forth in MCR 2.116(C)(7) is a question of law. [*Allen Park Retirees Ass'n*, 329 Mich App at 444 (citations omitted).]

Under MCR 2.116(C)(10), "a party may move for dismissal of a claim on the ground that there is no genuine issue with respect to any material fact and the moving party is entitled to judgment as a matter of law." *Dextrom v Wexford Co*, 287 Mich App 406, 415; 789 NW2d 211 (2010).[2] "The moving party must specifically identify the undisputed factual issues and support

---

[1] In her appellate brief, plaintiff contends: "The reporter apparently did not transcribe this portion of the record when the Court came back on the record after taking time to review the case."

[2] We recognize that defendant only moved for summary disposition under MCR 2.116(C)(7) on the basis of collateral estoppel. "[B]ut a court is not bound by a party's choice of labels." *Attorney General v Merck Sharp & Dohme Corp*, 292 Mich App 1, 9; 807 NW2d 343 (2011). "Rather, we determine the gravamen of a party's claim by reviewing the entire claim[.]" *Id*. at 9-10. Defendant also argued in its motion for summary disposition that plaintiff's age-discrimination claim was barred by the contractual one-year limitations period in plaintiff's employment agreement. Such a claim is more properly considered under MCR 2.116(C)(10), because it necessarily requires consideration of evidence submitted outside the pleadings—i.e., the employment agreement. While we are not able to confirm because we do not have the transcript, both parties represent on

its position with documentary evidence." *Id*. The trial court "must examine the documentary evidence presented and, drawing all reasonable inferences in favor of the nonmoving party, determine whether a genuine issue of material fact exists." *Id*. at 415-416. "A question of fact exists when reasonable minds could differ as to the conclusions to be drawn from the evidence." *Id*. at 416. Under the burden-shifting framework of MCR 2.116(C)(10):

> [T]he moving party has the initial burden of supporting its position by affidavits, depositions, admissions, or other documentary evidence. The burden then shifts to the opposing party to establish that a genuine issue of disputed fact exists. Where the burden of proof at trial on a dispositive issue rests on a nonmoving party, the nonmoving party may not rely on mere allegations or denials in pleadings, but must go beyond the pleadings to set forth specific facts showing that a genuine issue of material fact exists. If the opposing party fails to present documentary evidence establishing the existence of a material factual dispute, the motion is properly granted. [*Quinto v Cross & Peters Co*, 451 Mich 358, 362-363; 547 NW2d 314 (1996) (citations omitted).]

Finally, contractual interpretation is a matter of law which we review de novo. *Clark v DaimlerChrylser Corp*, 268 Mich App 138, 141; 706 NW2d 471 (2005).

### III. CLAIMS BARRED BY COLLATERAL ESTOPPEL

Plaintiff argues the trial court erred by dismissing her race- and sex-discrimination, retaliation, and hostile-work-environment claims on the basis of collateral estoppel. We disagree.

### A. THE DOCTRINE OF COLLATERAL ESTOPPEL

"The preclusion doctrines of res judicata and collateral estoppel serve an important function in resolving disputes by imposing a state of finality to litigation where the same parties have previously had a full and fair opportunity to adjudicate their claims." *Allen Park Retirees Ass'n*, 329 Mich App at 444 (quotation marks and citation omitted). "Collateral estoppel bars relitigation of an issue in a new action arising between the same parties or their privies when the earlier proceeding resulted in a valid final judgment and the issue in question was actually and necessarily determined in that prior proceeding." *Id*. (quotation marks and citation omitted). "Unlike res judicata, which precludes relitigation of claims, collateral estoppel prevents relitigation of issues, which presumes the existence of an issue in the second proceeding that was present in the first proceeding." *Id*. at 444-445 (citations omitted).

"Generally, for collateral estoppel to apply three elements must be satisfied: (1) a question of fact essential to the judgment must have been actually litigated and determined by a valid final judgment; (2) the same parties must have had a full and fair opportunity to litigate the issue; and (3) there must be mutuality of estoppel." *Id*. at 445 (quotation marks and citation omitted). "A judgment is considered a determination on the merits, and thereby triggers the doctrine of collateral

---

appeal that the trial court's grant of summary disposition of plaintiff's age-discrimination claim was, at a minimum, on the basis of this contractual limitations period.

estoppel on relitigation, even if the action has been resolved by a summary disposition." *Detroit v Qualls*, 434 Mich 340, 356; 454 NW2d 374 (1990).

## B. RACE AND SEX DISCRIMINATION CLAIMS

Under Title VII, it is unlawful for an employer to "discharge any individual, or otherwise to discriminate against any individual . . . because of such individual's race, color, religion, sex, or national origin[.]" 42 USC 2000e-2(a)(1). Similarly, the ELCRA, at the time of plaintiff's employment and discharge, provided that an employer shall not "[f]ail to refuse to hire or recruit, discharge, or otherwise discriminate against an individual with respect to employment . . . because of religion, race, color, national origin, age, sex, height, weight, or marital status." MCL 37.2202(1)(a), as amended by 2009 PA 190.

## 1. LEGAL FRAMEWORK

A plaintiff alleging employment discrimination under both Title VII or the ELCRA may establish their claim through direct or circumstantial evidence of discrimination. See, e.g., *Hazle v Ford Motor Co*, 464 Mich 456, 461-462; 628 NW2d 515 (2001); *Johnson v Kroger Co*, 319 F3d 858, 864-865 (CA 6, 2003). For purposes of both state and federal cases, "direct evidence" has been defined as "evidence which, if believed requires the conclusion that unlawful discrimination was at least a motivating factor in the employer's actions." *Hazle*, 464 Mich at 462; *Johnson*, 319 F3d at 865. In cases in which direct evidence of racial bias is available, "the plaintiff can go forward and prove unlawful discrimination in the same manner as [in] any other civil case." *Hazle*, 454 Mich at 462. However, if there is no direct evidence available, the plaintiff must satisfy the burden-shifting framework set forth in *McDonnell Douglas Corp v Green*, 411 US 792; 93 S Ct 1817; 36 L Ed 2d 668 (1973). *Hazle*, 454 Mich at 462; *Johnson*, 319 F3d at 865-866.

"The *McDonnell Douglas* approach allows a plaintiff to present a rebuttable prima facie case on the basis of proofs from which a factfinder could *infer* that the plaintiff was the victim of unlawful discrimination." *Hazle*, 454 Mich at 462 (quotation marks and citation omitted); see also *Johnson*, 319 F3d at 866. Under this framework, the plaintiff bears the initial burden of establishing their prima facie case. *Hazle*, 464 Mich at 463; *Johnson*, 319 F3d at 866. To do so in Michigan, the plaintiff must "present evidence that (1) she belongs to a protected class, (2) she suffered an adverse employment action, (3) she was qualified for the position, and (4) the job was given to another person under circumstances giving rise to an inference of unlawful discrimination." *Hazle*, 464 Mich at 463. The fourth element of the federal rule is more specific, requiring a plaintiff to demonstrate they were "replaced by a person outside the protected class or treated differently than similarly situated non-protected employees." *Levine v DeJoy*, 64 F4th 789, 797 (CA 6, 2023) (quotation marks and citation omitted). However, Michigan caselaw has interpreted this fourth element in the same way as the federal rule. See *Wilcoxon v Minnesota Mining & Mfg Co*, 235 Mich App 347, 361; 597 NW2d 250 (1999) ("Circumstances give rise to an inference of discrimination when the plaintiff was treated differently than persons of a different class for the same or similar conduct.") (quotation marks and citation omitted).

If the plaintiff establishes a prima facie case of discrimination, "the burden shifts to the defendant to articulate a legitimate nondiscriminatory reason for the adverse employment action taken." *Major v Newberry*, 316 Mich App 527, 541; 892 NW2d 402 (2016); see also *Johnson*,

-4-

319 F3d at 866. If the defendant-employer does so, the "plaintiff must then present evidence that the explanation provided . . . constituted a pretext for discrimination." *Major*, 316 Mich App at 542; see also *Johnson*, 319 F3d at 866.

> A plaintiff can establish that a defendant's articulated legitimate, nondiscriminatory reasons are pretexts (1) by showing the reasons had no basis in fact, (2) if they have a basis in fact, by showing that they were not the actual factors motivating the decision, or (3) if they were factors, by showing that they were jointly insufficient to justify the decision. [*Major*, 316 Mich App at 542 (quotation marks and citation omitted); see also *Johnson*, 319 F3d at 866.]

"In cases of both direct and indirect evidence, a plaintiff must establish a causal link between the discriminatory animus and the adverse employment decision." *Major*, 316 Mich App at 542 (quotation marks and citation omitted); see also, e.g., *Univ of Texas Southwestern Med Ctr v Nassar*, 570 US 338, 346; 133 S Ct 2517; 186 L Ed 2d 503 (2013).

## 2. APPLICATION

In addressing plaintiff's race- and sex-discrimination claims, the district court first considered the examples plaintiff provided as direct evidence of discrimination. Specifically, it reviewed (1) statements allegedly made by her team leader that certain men identified by plaintiff had "proved themselves[;]" (2) a director's comment that plaintiff was "cracking the whip" when she confronted a coworker about his rudeness; (3) a coworker's statement during a disagreement with plaintiff that "maybe we were raised differently[;]" and (4) a meeting during which plaintiff's question was ignored but then answered when a white male colleague asked the same question. *Robinson I*, unpub op at 9-10. It also addressed plaintiff's contention that she was frequently asked to do menial tasks which were not part of her job description and that "she felt consistently undermined, disrespected, belittled, and 'mansplained' during her term of employment." *Id*. at 10-11. The district court ultimately concluded that "none of these instances compel the conclusion that [the team leader's] decision to discharge Plaintiff was motivated by racial or gender animus." *Id*. at 11. Moreover, it found plaintiff "fail[ed] to show, or even allege, that these specific instances were a 'motivating factor' in her eventual termination." *Id*. Accordingly, the district court concluded that plaintiff could not "proceed on a direct evidence theory[]" because she "fail[ed] to establish that [d]efendant was predisposed to discriminate on the basis of race or gender and fail[ed] to establish [that] [d]efendant acted on a predisposition[.]" *Id*. at 11-12.

Next, the district court considered whether plaintiff had presented sufficient circumstantial evidence to create an inference of discrimination. The district court found that plaintiff could not satisfy the fourth element of the *McDonnell Douglas* framework because she could not show she was replaced by a member outside her protected class, nor could she show she was treated differently from similarly situated nonminority employees. It noted plaintiff's former team leader testified that, after plaintiff's termination, another Black woman assumed plaintiff's position on the team, albeit in a slightly different job description. *Id*. at 13 n 2. The district court also found plaintiff provided no evidence that others with whom her former team leader dealt were similarly situated, noting: "Although plaintiff compares herself to colleagues from the same team, all of whom presumably work for the same supervisor, she fails to provide evidence that these employees engaged in conduct similar to her own and received a lesser punishment." *Id*. at 14.

The district court further held that, even if plaintiff had been able to support a prima facie case of discrimination, defendant had articulated a legitimate, nondiscriminatory reason for terminating her employment. *Id.* It noted the record was "replete with examples of times when Plaintiff's conduct or the quality of her work did not meet expectations[,]" listing examples provided by defendant pertaining to plaintiff's attendance, behavior, and attitude. *Id.* at 14-15. The district court found plaintiff's arguments were insufficient to establish that defendant's proposed reason for terminating plaintiff's employment was merely a pretext for discrimination. *Id.* at 15.

Both the state and federal actions involved the same parties and relied on the same factual allegations. Plaintiff's federal and state complaints were, for all practical purposes, identical, differing only in that the federal complaint references federal law. The district court made a valid, final judgment on these issues, which was affirmed by the Sixth Circuit. *Robinson II*, unpub op at 17. The trial court in this action would be required to reach and decide the same essential questions already litigated in and decided by the district court. *Allen Park Retirees Ass'n*, 329 Mich App at 444-445. Thus, the trial court did not err when it found plaintiff's race- and sex-discrimination claims were barred by the doctrine of collateral estoppel.

## C. RETALIATION

Under Title VII, employers may not discriminate against an employee "because he has opposed any practice made an unlawful employment practice[.]" 42 USC 2000e-3(a). Likewise, the ELCRA prohibits "[r]etaliat[ion] or discriminat[ion] against a person because the person has opposed a violation of this act[.]" MCL 37.2701(a).

### 1. LEGAL FRAMEWORK

A plaintiff asserting a federal claim of retaliation must show that:

> (1) he [or she] engaged in activity protected by Title VII; (2) his [or her] exercise of such protected activity was known by the defendant; (3) thereafter, the defendant took an action that was 'materially adverse' to the plaintiff; and (4) a causal connection existed between the protected activity and the materially adverse action. [*Strickland v Detroit*, 995 F3d 495, 510 (CA 6, 2021) (quotation marks and citations omitted).]

Similarly, a plaintiff claiming retaliation under the ELCRA must show:

> (1) that he [or she] engaged in a protected activity; (2) that this was known by the defendant; (3) that the defendant took an employment action adverse to the plaintiff; and (4) that there was a causal connection between the protected activity and the adverse employment action. [*El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 161; 934 NW2d 665 (2019) (quotation marks and citation omitted).]

As shown, the elements of federal and state retaliation claims are virtually identical. The only notable difference is that federal claims must show the retaliation was "materially adverse" to the plaintiff, while state claims must only show they are "adverse" to the plaintiff. See *Stickland*,

995 F3d at 510; *El-Khalil*, 504 Mich at 161.  However, while this may result in federal claims having a higher threshold, this is not the element on which the district court relied when it disposed of plaintiff's retaliation claim.  Instead, the district court concluded that plaintiff could not make a prima facie case of retaliation because she could not satisfy the fourth element—that is, she could not show a causal connection between her complaints and her termination.  *Robinson I*, unpub op at 16-18.

## 2. APPLICATION

In concluding that plaintiff could not show a causal connection between her complaints and her termination, the district court reasoned:

"Title VII retaliation claims must be proved according to traditional principles of but-for causation . . . [t]his requires proof that the unlawful retaliation would not have occurred in the absence of the alleged wrongful action or actions of the employer."  Plaintiff argues, without evidence, that she had been meeting with human resources about her complaints "the very week she was finally terminated" and that this "temporal proximity alone" is enough to establish a causal connection under *Mickey v Zeidler Tool & Die Co*, 516 F3d 516 (6th Cir. [sic] 2008).  In that case, the plaintiff filed a charge of discrimination with the EEOC on October 7, 2004.  The EEOC sent a notice of the plaintiff's charge to his employer a week later, on October 14, but the plaintiff's supervisor did not receive it until October 19—the same day he terminated the plaintiff's employment.  Later at his deposition, the supervisor admitted he had seen the plaintiff's EEOC charge just before terminating the plaintiff's employment.  See *Id*.

Unlike in *Mickey*, here plaintiff began making complaints to a supervisor about the tension between her and [her former team leader] approximately two years before her termination.  The record also suggests plaintiff made her first visit to human resources to discuss her verbal warning on May 18, 2018, five months before she was terminated.  As the Sixth Circuit held in *Mickey*:

Where an adverse employment action occurs very close in time after an employer learns of a protected activity, such temporal proximity between the events is significant enough to constitute evidence of a causal connection for the purposes of satisfying a prima facie case of retaliation. But where some time elapses between when the employer learns of a protected activity and the subsequent adverse employment action, the employee must couple temporal proximity with other evidence of retaliatory conduct to establish causality.

516 F3d at 525.  Because significant time elapsed from the time plaintiff first started making her complaints or visiting human resources, Plaintiff is obligated to provide "other evidence of retaliatory conduct" to establish causation.  She has provided no such evidence and cannot show her termination was related in any way to retaliatory or otherwise wrongful action by defendant.  Accordingly, Plaintiff has not created a genuine issue of material fact as to a causal connection and the Court grants

summary judgment in favor of defendant on plaintiff's claim of retaliation. [*Robinson I*, unpub op at 16-18 (ellipses and first alteration in *Robinson I*, some citations omitted).]

The Sixth Circuit applied the same analysis, concluding that the district court properly granted summary judgment on plaintiff's retaliation claim. *Robinson II*, unpub op at 12-13.

A retaliation claim under the ELCRA, identical to its federal counterpart, requires a showing "that there was a causal connection between the protected activity and the adverse employment action." *El-Khalil*, 504 Mich at 161 (quotation marks and citation omitted); see also *Strickland*, 995 F3d at 510. As discussed above, this case involves the same parties and concerns issues arising out of the same factual allegations. The district court found there was no causal connection between plaintiff's alleged protected activity and the alleged adverse employment action, and this finding was affirmed on appeal. *Robinson I*, unpub op at 16-18; *Robinson II*, unpub op at 12-13. As with the race- and sex-discrimination claims, the trial court in this action would be required to reach and decide the exact issue already litigated in and decided by the district court. *Allen Park Retirees Ass'n*, 329 Mich App at 444-445. Thus, the trial court did not err by concluding that plaintiff's retaliation claim was barred by the doctrine of collateral estoppel.

### D.  HOSTILE WORK ENVIRONMENT

To establish a prima facie case of hostile work environment under Title VII, a plaintiff must show that:

(1) he belongs to a protected group; (2) he was subject to unwelcome harassment; (3) that harassment was based on race; (4) the harassment was sufficiently severe or pervasive to alter the conditions of his employment; and (5) the employer knew or should have known about the harassment and failed to take appropriate remedial action. [*Strickland*, 995 F3d at 503.]

Likewise, to establish a prima facie case of hostile work environment under the ELCRA, a plaintiff must prove:

(1) the employee belonged to a protected group;

(2) the employee was subjected to communication or conduct on the basis of sex;

(3) the employee was subjected to unwelcome sexual conduct or communication;

(4) the unwelcome sexual conduct or communication was intended to or in fact did substantially interfere with the employee's employment or created an intimidating, hostile, or offensive work environment; and

5) respondeat superior. [*Radtke v Everett*, 442 Mich 368, 382-383; 501 NW2d 155 (1993).]

-8-

Plaintiff asserted hostile-work-environment claims in both her federal and state court cases. However, on appeal to this Court, plaintiff merely asserts that this claim was not fairly litigated in the federal court because, essentially, hostile work environment claims are always a question of fact. Plaintiff has not engaged in any meaningful discussion of this issue nor has she provided any applicable authority for her proposition. While plaintiff contends she "was made to think she was crazy, and treated like a different class of human, resulting in her having to seek professional mental health treatment[,]" she provides no examples as to how she "was made to think she was crazy," or "treated like a different class of human[.]" Further, although plaintiff claims that "[e]ven her colleagues noticed she had more 1:1 meetings than anyone else[,]" and did provide an image of a report from her colleague in which he observed she had more "1:1 meetings" than her coworkers, plaintiff does not explain how this serves as evidence of a hostile work environment. "An appellant may not merely announce its position or assert an error and leave it to this Court to discover and rationalize the basis for its claims, unravel or elaborate its argument, or search for authority for its position." *Blackburne & Brown Mtg Co v Ziomek*, 264 Mich App 615, 619; 692 NW2d 388 (2004) (quotation marks and citation omitted). "Insufficiently briefed issues are deemed abandoned on appeal." *Id.* (quotation marks and citation omitted). Plaintiff has abandoned this argument.

## IV. CLAIMS BARRED BY CONTRACTUAL LIMITATIONS PERIODS—AGE DISCRIMINATION

Plaintiff argues the trial court erred in dismissing her age-discrimination claim because it was not fully litigated in the district court and it was not barred by the limitations period in her employment contract. We disagree.

As a preliminary matter, we note that it is unclear upon what grounds the trial court granted summary disposition of plaintiff's age-discrimination claim. The record before us does not contain the transcript of the trial court's ultimate decision as to this issue, and plaintiff claims the resumed portion of the motion hearing was not transcribed. "It is the appellant's obligation to secure the complete transcript of all proceedings in the lower court unless production of the full transcript is excused by order of the trial court or by stipulation of the parties." *Admiral Ins Co v Columbia Cas Ins Co*, 194 Mich App 300, 305; 486 NW2d 351 (1992); see also MCR 7.210(B)(1)(a). If a transcript is unavailable, the appellant must take steps to provide "a certified settled statement of facts to serve as a substitute for the transcript." MCR 7.210(B)(2). There is no indication plaintiff took the necessary steps to address the alleged missing transcript. Usually, "[t]his Court limits its review to the record provided on appeal and will not consider any alleged evidence or testimony that is not supported by the record presented to the Court for review." *Admiral Ins Co*, 194 Mich at 305. But the parties both contend on appeal that the trial court granted summary disposition on the basis of the contractual limitations period. Because the parties agree on this reasoning, and the record is sufficient to analyze this legally dependent issue, we will address the trial court's dismissal as being on the basis of the contractual limitations period. See *Id*.

At issue in this case is a shortened limitations period in plaintiff's employment contract stating: "You must assert any claim against the Company or its current or former employees, officers, owners, or agents, within 1 year after your claim arises[.]" At the bottom of the employment contract is an filled-in e-signature checkbox with plaintiff's name and the date

underneath. It is undisputed that plaintiff did not file her age-discrimination claim within one year of her termination. Thus, if the provision applies, plaintiff's claim is time-barred.

Unambiguous, contractually modified limitations periods are to be enforced as written unless they are "contrary to law or public policy, or [are] otherwise unenforceable under recognized traditional contract defenses." *Clark*, 268 Mich App at 142. On appeal, plaintiff generally asserts three arguments relating to this issue. First, she argues that our Supreme Court's decision in *McMillon*, 983 NW2d at 79, is applicable to this case, and "dictates that this case must be returned to the trial court." Plaintiff's argument in this respect is somewhat confusing, but it appears she is arguing that application of *McMillon* renders the issue of whether she is bound by the contractual provision a question of fact, making summary disposition inappropriate. Plaintiff's reliance on *McMillon* is misplaced.

In *McMillon*, the plaintiff filled out an employment application for a position with the city of Kalamazoo which contained a clause requiring that employment-related lawsuits be filed within nine months of their accrual. *Id.* The plaintiff was not hired for the position. *Id.* Over a year later, the defendant hired the plaintiff for a different job opening. *Id.* Notably, the plaintiff did not complete a new application. *Id.* Several years later, the plaintiff sought to file suit on the basis of race and sex discrimination after she was terminated. *Id.* The defendant moved for summary disposition on the basis of the earlier application's limitations period. Our Supreme Court held that, under the facts of the case, summary disposition was inappropriate because a genuine issue of material fact remained "as to whether the parties had reached a mutuality of agreement regarding the shortened limitations period." *Id.* at 79-80. Specifically, the Court held that "[w]hether [the] plaintiff had notice that [the] defendant intended to reuse her prior application materials or that [the] plaintiff intended to be bound" by that prior application remained genuine issues of material fact. *Id.* at 81.

There are no such similar irregularities in plaintiff's hiring contract that would create a genuine issue of material fact as to whether there was mutuality of agreement. Unlike in *McMillon*, plaintiff signed the employment agreement after having already been hired. The time line implies that plaintiff was on notice that her present employment bound her to the terms of the contract, and there is no evidence in the record demonstrating otherwise.

Plaintiff next argues the shortened limitations period should not be upheld because our Supreme Court is currently considering whether such shortened periods violate public policy in *Rayford v American House Roseville I, LLC*, 513 Mich 1096 (2024). But under current, binding authority, shortened limitations periods are permissible. See *Clark*, 268 Mich App at 142. "The filing of an application for leave to appeal or a Supreme Court order granting leave to appeal does not diminish the precedential effect of a published opinion of the Court of Appeals." MCR 7.215(C)(2). Thus, *Rayford*'s pendency is irrelevant.

Lastly, plaintiff argues there "is no confirmation [that] the alleged e-signature came from Plaintiff[.]" As previously noted, under the burden-shifting framework of MCR 2.116(C)(10), the movant bears the initial burden of supporting its position with documentary evidence. *Quinto*, 451 Mich at 362. Defendant submitted the signed employment agreement to support its claim that plaintiff's age-discrimination claim was time-barred. Having done so, the burden shifted to plaintiff, the nonmoving party, to establish a genuine issue of material fact existed. *Id.* As the

nonmoving party, plaintiff could not "rely on mere allegations or denials in the pleadings," she was required to "go beyond the pleadings to set forth specific facts showing that a genuine issue of material fact exists." *Id.* Plaintiff's argument in response to defendant's limitations-defense was identical to what she argues on appeal, merely asserting there was "no confirmation the alleged e-signature came from Plaintiff," but providing no evidence demonstrating that the e-signature, in fact, did *not* come from plaintiff. Having failed to satisfy her burden of proof, the trial court properly granted summary disposition of plaintiff's age-discrimination claim. *Id.* at 363.[3]

Affirmed.

/s/ Allie Greenleaf Maldonado
/s/ Thomas C. Cameron
/s/ Adrienne N. Young

---

[3] Because the trial court properly granted summary disposition on the basis of the contractual limitations period, we need not address whether plaintiff's age-discrimination claim was barred by the doctrine of collateral estoppel.