*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

SYLVIA PABST,

Plaintiff-Appellant,

v

ROCKET MORTGAGE, LLC,

Defendant-Appellee.

UNPUBLISHED
July 09, 2025
9:59 AM

No. 370382
Wayne Circuit Court
LC No. 23-015891-CD

Before: MALDONADO, P.J., and BOONSTRA and WALLACE, JJ.

PER CURIAM.

In this civil rights action arising under the Michigan Persons with Disabilities Civil Rights Act (PDCRA), MCL 37.1101 *et seq*, plaintiff appeals by right the trial court's order granting summary disposition in favor of defendant pursuant to MCR 2.116(C)(7) (statute of limitations). We affirm.

## I. BACKGROUND

Plaintiff worked for defendant in various capacities from 2018 until her discharge in 2022. Her employment agreement included a one-year limitation period for any claim that she might assert against defendant. On May 5, 2022, plaintiff was discharged, allegedly on the basis of disability discrimination. In particular, plaintiff asserts that she suffers from several serious medical conditions, including post-traumatic stress disorder, anxiety disorder, panic disorder, and an autoimmune disorder, which constitute disabilities as defined by the PDCRA. Plaintiff claims that defendant unlawfully failed to accommodate her disabilities when it required her to attend virtual videoconferencing with customers and then terminated her employment.

Following her discharge in May 2022, plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) on June 3, 2022, alleging a violation of the Americans With Disabilities Act of 1990 (ADA), 42 USC 12101 *et seq*. The EEOC issued plaintiff a right to sue letter on July 31, 2023. Plaintiff then filed a complaint in circuit court on December 8, 2023. In her complaint, however, plaintiff no longer pursued a claim under the ADA, but instead alleged two counts under the PDCRA: (1) failure to accommodate, and (2) disability discrimination. Defendant moved for summary disposition on the basis that there were no disputed

-1-

facts, and that plaintiff's claim—which was filed 582 after her discharge—was time-barred by the one-year limitation in the employment agreement. The trial court granted defendant's motion, dismissing the case with prejudice.

## II. DISCUSSION

At the outset, we note that the statute of limitations for a claim under the PDCRA is three years. MCL 600.5805 (generally establishing a three-year statute of limitations for actions to recover damages for injury to persons or property). However, contractually-altered limitations periods are permissible under Michigan law, provided that the period of limitation is unambiguous and does not violate law or public policy. *Rory v Cont'l Ins. Co.,* 473 Mich 457, 703 NW 2d 23, 31 (2005) (noting that Michigan has no general policy or statutory enactment that prohibits parties from contracting for shorter limitations periods than those specified by general statutes). See also *Timko v Oakwood Custom Coating, Inc.*, 244 Mich App 234, 244-245, 625 NW2d 101 (2001) (determining that a six-month contractual limitation for claims under the Elliott-Larsen Civil Rights Act¸ MCL 37.2101 *et seq*., was reasonable and did not unfairly deprive the plaintiff of the opportunity to pursue his claim).[1]

In the present case, the parties' employment agreement stated in relevant part:

> **9.2 Limitations Period and Venue.** You must *assert any claim* against the Company or its current or former employees, officers, owners, or agents, *within 1 year after your claim arises* or within the applicable statutory limitations period provided by law, whichever occurs first. Your failure to do so shall act as a bar to any claim that you may have. *Claims must be asserted in the state court located in, or the federal court* that has jurisdiction over, the county in which you are or were employed by the Company. [Emphasis added.]

Plaintiff first argues that the employment agreement's requirement to "assert any claim" is ambiguous and could be interpreted to include plaintiff's initial request for accommodation and her filing of an EEOC charge, both of which occurred within the agreement's one-year limitation. We disagree.

A court properly grants a motion made under MCR 2.116(C)(7) when the complaint was barred by the applicable statute of limitations. *Burton v Macha*, 303 Mich App 750, 754; 846 NW2d 419 (2014). "The question whether a cause of action is barred by the applicable statute of limitations is one of law, which this Court reviews de novo." *Frank v Linkner*, 500 Mich 133, 140; 894 NW2d 574 (2017) (quotation marks and citation omitted). When reviewing a motion for

---

[1] We acknowledge that our Supreme Court recently requested briefing on whether *Timko* was correctly decided, but it ultimately declined to rule on the case on that basis, deciding instead that fact questions about the contract precluded summary judgment. See *McMillon v City of Kalamazoo*, 983 NW2d 79, 80 n1 (2023).

summary disposition made pursuant to MCR 2.116(C)(7), this Court considers "all documentary evidence and accept[s] the complaint as factually accurate unless affidavits or other appropriate documents specifically contradict it." *Id*. (quotation marks and citation omitted).

We also review de novo questions of contractual interpretation and the legal effect of a contractual clause. *Rory v Cont'l Ins. Co.*, 473 Mich. 457, 464; 703 N.W.2d 23 (2005). "[T]he primary goal of contract interpretation is to ascertain and effectuate the intent of the contracting parties. The law presumes that the contracting parties' intent is embodied in the actual words used in the contract itself." *City of Grosse Pointe Park v Michigan Muni Liability & Prop Pool*, 473 Mich 188, 218-219; 702 NW2d 106 (2005). "The words and phrases of the contract cannot be read in isolation but must be construed in context and read in light of the contract as a whole. If the contract, although inartfully worded or clumsily arranged, fairly admits of but one interpretation, it is not ambiguous." *Allen Park Retirees Ass'n, Inc v City of Allen Park*, 347 Mich App 1, 11; 13 NW3d 865 (2023), (quotation marks and citation omitted).

When reviewing the employment agreement in this case, we agree with plaintiff that the phrase "assert any claim" is not *always* synonymous with "file a lawsuit." For example, in *Pinckney Cmty Sch v Contl Cas Co*, 213 Mich App 521, 526-527; 540 NW2d 748 (1995), this Court was confronted with an insurance policy that limited its coverage to "claims . . . made . . . during the policy period." We interpreted "making a claim" to include complaints filed with the EEOC on the basis that "claim" was not defined in the policy and could reasonably be understood by the parties to encompass an EEOC complaint. *Id*. at 528-533.

In contrast, in this case, although "claim" is not technically defined in the limitations paragraph, the rest of that paragraph clearly requires that "[c]laims must be asserted in . . . court . . . ." Accordingly, when reading the clause "assert any claim" within the context of the rest of the agreement, we conclude that the clause is not ambiguous and that the trial court correctly interpreted it to mean "file a lawsuit in court." See *Allen Park Retirees Ass'n, Inc v City of Allen Park*, 347 Mich App at 11.

Next, plaintiff argues that the one-year limitation is both procedurally and substantively unconscionable, and thus cannot be enforced. We disagree.[2]

Whether a contract is unenforceable on the basis of unconscionability is a question of law, which this Court reviews de novo. See *Ehresman v Bultynck & Co, PC*, 203 Mich App 350, 354; 511 NW2d 724 (1994). "In order for a contract or contract provision to be considered unconscionable, both procedural and substantive unconscionability must be present." *Clark v DaimlerChrysler Corp*, 268 Mich App 138, 143; 706 NW2d 471 (2005). A contract is procedurally unconscionable when the weaker party has no realistic alternative to accepting the terms and substantively unconscionable when the challenged term is so inequitable that it shocks the conscience. *Id.* at 144. In *Clark*, 268 Mich App at 140, the plaintiff filed a wrongful termination suit. The defendant moved for summary disposition of the complaint on the basis that

---

[2] Plaintiff also argues on appeal that the limitations clause is exculpatory, and so its ambiguity contravenes public policy. However, this argument is not persuasive in light of our determination that the limitations clause is not ambiguous.

the plaintiff's employment application limited the deadline to file a lawsuit to six months. *Id*. at 140-141. The trial court applied the shortened six-month limitations provision and granted the defendant's dispositive motion. *Id*. at 141. On appeal this Court determined:

> [P]laintiff did not present any evidence that he had no realistic alternative to employment with defendant. Therefore, while plaintiff's bargaining power may have been unequal to that of defendant, we cannot say that plaintiff lacked any meaningful choice but to accept employment under the terms dictated by defendant. Furthermore, the six-month period of limitations is neither inherently unreasonable, nor so extreme that it shocks the conscience. Consequently, plaintiff failed to establish that the contractually modified period of limitation was either substantively or procedurally unconscionable. [*Id*. at 144.]

Likewise, here, plaintiff has not offered any evidence to show that she had to accept employment with defendant. To the contrary, the record supports that plaintiff was employed immediately before she applied to work for defendant, and left her prior position voluntarily because "[i]t is not what [she] want[ed] to do for the rest of [her] life." Therefore, although plaintiff was clearly in a weaker bargaining position than defendant—the company that drafted the agreement—the unambiguous, one-year limitations clause does not rise to the level of procedural unconscionability.[3] Additionally, because the *six-month* limitation was not substantively unconscionable in *Clark*, we conclude that the *one-year* limitation in the present case also is not substantively unconscionable.

Finally, plaintiff argues that the limitations provision violates public policy because it subverts the authority of the EEOC to investigate claims by encouraging employers to "filibuster the process." Plaintiff raises this particular argument for the first time on appeal. Although this issue is related to plaintiff's previous arguments, an appellant "must show that the same basis for the error claimed on appeal was brought to the trial court's attention." See *Tolas Oil & Gas Exploration Co v Bach Servs & Mfg, LLC*, 347 Mich App 280, 289; 14 NW3d 472 (2023). Because this Court has held that the plain-error rule does not apply to civil cases, we decline to address this specific argument on appeal. See *id*. at 294. But we note that this Court has determined that employment contracts providing for a shortened period of limitations generally do not violate public policy. See *Clark*, 268 Mich App at 142.

---

[3] To the extent that plaintiff argues on appeal that procedural unconscionability has been equated with "unfair surprise" as that term is used in the Uniform Commercial Code (UCC), we note that the UCC does not apply to employment agreements. MCL 440.2102. At any rate, because the limitations provision was not ambiguous, plaintiff was not subject to "unfair surprise."

Moreover, even if plaintiff had raised the issue below, the PDCRA does not require a person to await an administrative remedy before filing a lawsuit, meaning that plaintiff could have filed her case in state court at any time prior to the expiration of the one-year limitations period. Also, while a claimant may desire to have the potential benefit of the involvement of the EEOC for cases in which discrimination claims are pursued under federal law, plaintiff chose to pursue her claims under Michigan law.

Affirmed.

/s/ Allie Greenleaf Maldonado
/s/ Mark T. Boonstra
/s/ Randy J. Wallace